J-S01036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIOVANNI LEANDRY-MORALES | : | |
| | : | |
| Appellant | : | No. 1031 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 2, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002688-2020

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JULY 19, 2024**

Appellant, Giovanni Leandry-Morales, appeals from the judgment of sentence of 10 to 20 years' incarceration after he pled guilty to third-degree murder.[1] Appellant's appellate counsel has filed a petition to withdraw and an **_Anders_**[2] brief, stating that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant was charged with first-degree murder, third-degree murder, conspiracy to commit first-degree and third-degree murder, and other

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

offenses for the shooting death of Felipe Morales (Victim) on June 15, 2020 in Reading, Pennsylvania.  Criminal Information; Criminal Complaint, Affidavit of Probable Cause.  The charges against Appellant were based on Appellant's participation in the shooting by giving his co-defendant, Joshua Figueroa (Co-Defendant), the gun with which Co-Defendant shot and killed Victim, driving his vehicle on the sidewalk to block Victim from escaping from Co-Defendant, and driving Co-Defendant away from the scene after the shooting.  Criminal Complaint, Affidavit of Probable Cause.

On May 2, 2022, Appellant pled guilty to third-degree murder under a plea agreement that provided that he would be sentenced to 10 to 20 years' imprisonment on that charge and that all other charges would be dismissed. N.T. Guilty Plea and Sentencing at 2-6.  The trial court accepted the plea agreement, dismissed all charges other than third-degree murder, and sentenced Appellant the same day, in accordance with the plea agreement, to 10 to 20 years' imprisonment.  *Id.* at 6, 11-12; Sentencing Order.

No post-sentence motion or direct appeal was filed at that time. Appellant, however, filed a timely PCRA petition seeking reinstatement of his post-sentence motion and appeal rights, which the court granted by order entered on June 20, 2023.  Trial Court Order, 6/20/23.  On June 22, 2023, Appellant filed a post-sentence motion to withdraw his guilty plea.  Post-Sentence Motion.  The trial court denied Appellant's post-sentence motion on June 29, 2023.  Trial Court Order, 6/29/23.  This timely appeal followed.

On October 16 and 17, 2023, Appellant's counsel filed an **Anders** brief and petition to withdraw as counsel. In his **Anders** brief, counsel raises the issue of whether the trial court erred in denying Appellant's motion to withdraw his guilty plea and concludes that this issue is frivolous. **Anders** Brief at 5, 9-18. Appellant has not filed any response to counsel's petition to withdraw or **Anders** brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa. Super. 2015). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Tukhi**, 149 A.3d 881, 885-86 (Pa. Super. 2016); **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An **Anders** brief must comply with all the following requirements:

[T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *see also Dempster*, 187 A.3d at 270. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. *Dempster*, 187 A.3d at 271; *Tukhi*, 149 A.3d at 886.

Appellate counsel states in his petition to withdraw that he has reviewed the record and determined that there are no non-frivolous grounds for the appeal. Appellate counsel's October 16, 2023 letter to Appellant provided a copy of the **Anders** brief to Appellant and advised him of his right either to retain new counsel or to proceed *pro se* on appeal and to raise any points he deems worthy of this Court's attention. Appellate counsel's **Anders** brief provides a procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus complied with the procedural requirements for withdrawal as counsel.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the issues raised by counsel in the **Anders** brief and determines whether they are

in fact frivolous. ***Dempster***, 187 A.3d at 272. In addition, if the Court finds those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196-97 (Pa. Super. 2018) (*en banc*); ***Dempster***, 187 A.3d at 271-72.

Appellant did not seek to withdraw his guilty plea until after he was sentenced. After he has been sentenced, a defendant can withdraw a guilty plea only if he shows manifest injustice. ***Commonwealth v. Culsoir***, 209 A.3d 433, 437 (Pa. Super. 2019); ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018); ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011). To meet the burden of showing manifest injustice, the defendant must demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently. ***Culsoir***, 209 A.3d at 437; ***Commonwealth v. Lewis***, 708 A.2d 497, 503 (Pa. Super. 1998); ***Commonwealth v. Myers***, 642 A.2d 1103, 1105 (Pa. Super. 1994).

Appellant's contention that his plea was not voluntary, knowing, and intelligent is without merit. To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and demonstrates that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge, and the court's power to reject the terms of a plea agreement.

*Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. 2022); *Jabbie*, 200 A.3d at 506; *Yeomans*, 24 A.3d at 1046-47; Comment to Pa.R.Crim.P. 590. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and is supplemented by an oral, on-the-record examination. *Jamison*, 284 A.3d at 506; *Reid*, 117 A.3d at 782; Comment to Pa.R.Crim.P. 590.

Those requirements were fully satisfied here. The factual basis for the plea and the nature of the third-degree murder charge to which Appellant was pleading guilty were placed on the record, and Appellant confirmed that he understood the factual basis for the plea and the nature of the third-degree murder charge. N.T. Guilty Plea and Sentencing at 3-5; Written Plea Colloquy at 2-3. The maximum sentence for that charge was also explained to Appellant. N.T. Guilty Plea and Sentencing at 3-5; Written Plea Colloquy at 1, 3. At the plea hearing and in the written colloquy that he signed, Appellant was advised of his right to a jury trial and the presumption of innocence, confirmed that he understood those rights and that he was giving them up in pleading guilty, and confirmed that he understood that the trial court was not required to accept the plea agreement. N.T. Guilty Plea and Sentencing at 2-4; Written Plea Colloquy at 2-3. Appellant also confirmed that he wished to plead guilty, that he was not suffering from any condition that impaired his ability to make this decision, and that he was pleading guilty of his own free will. N.T. Guilty Plea and Sentencing at 5-6; Written Plea Colloquy at 2-4.

Appellant claims that his plea was nonetheless not voluntary because he was allegedly coerced into pleading guilty. That argument fails because it is contradicted by the record. Appellant specifically represented to the trial court in both his oral and written plea colloquies that he was not threatened or forced into pleading guilty and that he was pleading guilty of his own free will. N.T. Guilty Plea and Sentencing at 6; Written Plea Colloquy at 3-4. Appellant also confirmed that he was satisfied with trial counsel's representation of him. N.T. Guilty Plea and Sentencing at 4; Written Guilty Plea Colloquy at 3. A defendant is bound by his statements during his plea colloquy and cannot assert challenges to his plea that contradict the statements that he made when he entered the plea. *Jamison*, 284 A.3d at 506; *Culsoir*, 209 A.3d at 437-48; *Jabbie*, 200 A.3d at 506. Because the record establishes that Appellant's guilty plea was voluntary, knowing, and intelligent, we agree with counsel that Appellant's claim that the trial court erred in denying his motion to withdraw his plea is frivolous.

In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. Appellant entered his guilty plea under a plea agreement that provided for a negotiated sentence and was sentenced in accordance with that agreement. Therefore, the only grounds on which he can challenge his conviction or sentence other than involuntariness of his plea are that the trial court lacked jurisdiction or that the sentence imposed was illegal. *Commonwealth v. Morrison*, 173

A.3d 286, 290 (Pa. Super. 2017); ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008). The record is clear that there can be no meritorious challenge to the trial court's jurisdiction or the legality of Appellant's sentence, as the crime was committed in Reading, Pennsylvania, and Appellant's 10-to-20-year sentence is well under the maximum sentence for third-degree murder, which is 40 years. 18 Pa.C.S. § 1102(d). Accordingly, we grant counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/19/2024